IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| GAVIN PATRICK HANNAH, | ) Civil Action No. 3:08-3889-JFA-JRM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| UNITED STATES AIR FORCE; | ) |
| Defendant. | ) |

The pro se Plaintiff, Gavin Patrick Hannah, filed this action on November 26, 2008.[1] He appears to allege claims concerning his disability rating and separation status from the United States Air Force. Defendant is the United States Air Force. On December 8, 2008, the undersigned issued an order informing Plaintiff that he was responsible for service. Plaintiff was specifically apprised of Rule 4(i) ("Serving the United States and Its Agencies, Corporations, Officers or Employees") and of Rule 4(m)("Time Limit for Service").[2] A summons was issued on December 10, 2008.

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e) DSC. Because these are dispositive motions, this report and recommendation is entered for review by the court.

[2] This Rule provides, in part:
If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.
Fed. R. Civ. P. 4(m).

More than 120 days later, Plaintiff had not submitted any evidence that Defendant was ever served with process in this case. On April 14, 2009, the undersigned issued an order and a report and recommendation advising Plaintiff to provide the Court (within ten day) with proof of service on Defendant or present good cause to the Court for any failure to serve Defendant. He was specifically advised that failure to do so would result in this action being dismissed. See Doc. 9.

On April 23, 2009, Plaintiff submitted an affidavit stating he had served Defendant. He attached Postal Service Form 3811s which appear to indicate that he served the Department of Justice and United States Attorney for the District of South Carolina. See Doc. 11. On May 29, 2009, the United States Attorney for the District of South Carolina filed a motion asking that this action be dismissed because Plaintiff failed to submit proof to this Court that he had served the United States Air Force. Plaintiff, because he is proceeding pro se, was advised on June 1, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion could result in the dismissal of his complaint. On July 2, 2009, Plaintiff requested an additional thirty days to serve the appropriate summons to the United States Air Force. He claims that a staff member from the Clerk's Office never told him that he had to serve the United States Air Force separately. See Doc. 18. On September 3, 2009, the time for Plaintiff to serve Defendant was extended an additional thirty days. Plaintiff was directed to file proof of service on or before October 5, 2009, and warned again that failure to show proper service could result in dismissal of this action.

On September 16, 2009, Plaintiff filed an affidavit stating that he had served Defendant. Attached was a copy of a United States Postal Service Form 3811 indicating that he had sent, by certified mail, an article addressed to the Office of the Judge Advocate at Shaw AFB in Sumter, South Carolina. Plaintiff was previously advised (pursuant to Rule 4(i)) on December 8, 2008 and

2

September 3, 2009, that he needed to serve Defendant (the United States Air Force), the United States Attorney for the District of South Carolina, <u>and</u> the Attorney General of the United States.[3] See Docs. 6 and 22. Plaintiff has not shown that Defendant has been served. Plaintiff appears to assert that he has served the United States Air Force because he sent the summons and "all appropriate paperwork" to the Office of the Judge Advocate at Sumter Air Force. Only the Secretary of the Air Force, or his designee, the Chief, General Litigation Division, Office of the Judge Advocate General, however, may accept service for the Department of the Air Force. 32 C.F.R.

---

[3]Rule 4 provides, in part:
(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.
    (1) United States. To serve the United States, a party must:
        (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
          (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
        (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
        (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
    (2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.
    (3) Officer or Employee Sued Individually. To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).
Fed. R. Civ. P. 4(i).

§ 257.5; see Sumrall v. Tinker Air Force Base, 2008 WL 4364549 (W.D. Okla. Sept. 17, 2008)(unpublished); Garrison v. U.S., 688 F.Supp. 1469 (D.Nev. 1988). It is, therefore, recommended that Defendant's motion to dismiss be granted.

Alternatively, it is recommended that this action be dismissed sua sponte for lack of subject matter jurisdiction. Plaintiff has alleged no basis for jurisdiction. Liberally construing his pro se complaint, see Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978) and Cruz v. Beto, 405 U.S. 319 (1972), Plaintiff appears to be asking for review of a decision of the Department of Veterans Affairs ("VA") to award him disability benefits.[4] This Court lacks subject matter jurisdiction to review benefits determinations by the VA under 38 U.S.C. § 511. The Supreme Court has long held that § 511 (like its predecessor, § 211) precludes direct judicial review of individual benefits claims. See Johnson v. Robison, 415 U.S. 361, 367 (1974); Zuspann v. Brown, 60 F.3d 1156, 1158 (5th Cir. 1995). As set forth in the Veterans' Judicial Review Act, Pub.L. No. 100-687, 102 Stat. 4105 (1988), veterans must instead appeal any denial of benefits to the Board of Veterans' Appeals. Only after the Court of Veterans' Appeals reviews the Board's decision is the case reviewable and then only by the United States Court of Appeals for the Federal Circuit. See 38 U.S.C. §§ 7252(a), 7266(a), and 7292. Zuspann, supra.

Plaintiff may also be attempting to obtain back pay or retirement pay. The Tucker Act, 28 U.S.C. § 1346, provides that the Court of Federal Claims may, in appropriate cases, "provide an entire remedy," including "restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records." 28 U.S.C. § 1491(a)(2). The Claims Court

---

[4] He requests that his disability rating with the Air Force be "raised to accurately describe my injuries/illnesses." Complaint at 5.

4

has found that it has "explicit statutory authority" to provide relief for complaints requesting "back pay, reinstatement, and correction of records." Mitchell v. United States, 930 F.2d 893, 895-96 (Fed. Cir. 1991)(holding that a service member's request for back pay fell within the jurisdiction of the Claims Court); see also Andrews v. Webb, 685 F.Supp. 579 (E.D.Va. 1988) (involving former marine officer's request for back pay). The United States Court of Federal Claims and district courts have original jurisdiction over non-tort monetary claims against the United States not exceeding $10,000. 28 U.S.C. § 1346(a)(2). For claims in excess of $10,000, however, the Court of Federal Claims has exclusive jurisdiction. See 28 U.S.C. § 1491; Randall v. United States, 95 F.3d 339, 347 (4th Cir. 1996). The plaintiff bears the burden of demonstrating that his claims do not exceed the $10,000 in damages required for concurrent district court jurisdiction. See Schmidt v. U.S. Army Corps of Engineers, 2008 WL 2783292, at *6 (W.D. Mich. July 15, 2008)(unpublished). All claims under the Tucker Act are subject to a six-year statute of limitations, see 28 U.S.C. § 2501. Here, Plaintiff has not shown that this Court has concurrent jurisdiction with the Court of Federal Claims.

On September 21, 2009, Plaintiff filed a motion to stay proceedings in this action pending review of the Physical Disability Board of Review ("PDBR"). He states that he submitted documentation to the PDBR for review of his disability rating from the Air Force and that he wishes to give the PDBR sufficient time to review and rule on his disability rating before continuing proceedings in this action. As Plaintiff fails to show that he timely served Defendant in this action, it is recommended that his motion to stay be denied.

## **CONCLUSION**

Based on the foregoing, it is recommended that Defendant's motion to dismiss (Doc. 13) be **granted** and that Plaintiff's motion to stay (Doc. 24) be **denied**.

Joseph R. McCrorey
United States Magistrate Judge

December 7, 2009
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).