IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gavin Patrick Hannah, | C/A No.: 3:08-3889-JFA-JRM |
| Plaintiff, | |
| v. | **ORDER** |
| United States Air Force, | |
| Defendant. | |

The *pro se* plaintiff, Gavin Patrick Hannah, filed this action alleging claims regarding his disability rating and separation status from the United States Air Force where he served as a uniformed soldier.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this action should be dismissed for two independent reasons: (1) the plaintiff has not shown that the defendant has been properly served as required by the Federal Rules of Civil Procedure; and (2) this court lacks subject matter jurisdiction over the claims asserted in the complaint.

Plaintiff was apprised of his right to file objections to the Report and Recommendation and he has done so in a one-page objection memorandum filed with the Clerk.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

With regard to service of process, the plaintiff contends that he properly served the defendant by serving the Office of the Judge Advocate General (JAG) at Shaw Air Force Base in South Carolina. The Magistrate Judge correctly points out, however, that only the Secretary of the United States Air Force, or his designee (who is the Chief of the General Litigation Division in the Office of the Judge Advocate General) may accept service for litigation for the Department of the Air Force. 32 C.F.R. § 257.5.

In responding to this part of the Report and Recommendation, plaintiff contends that he was informed by the local JAG at Shaw Air Force Base that service on the local JAG would suffice. A military officer does not have the ability to waive or forego provisions of federal regulations regarding service of process. Moreover, the doctrine of estoppel does not apply to claims against the federal government.

With regards to subject matter jurisdiction, the Magistrate Judge recommends that the action should be dismissed, *sua sponte*, because the plaintiff appears to be seeking a review of the decision by the Department of Veterans Affairs regarding his disability benefits. The Magistrate Judge suggests that this court lacks subject matter jurisdiction to review benefit determinations by the Veterans Administration under 38 U.S.C. § 511.

Instead of proceeding in this court, a veteran is required to appeal any denial of benefits to the Board of Veterans Appeals. Only after that body has reviewed the Board's decision is the case reviewable, and then only by the United States Court of Appeals for the Federal Circuit.

In his objection to this portion of the Report, the plaintiff suggests that he is "not asking for any money," but is instead asking for "an increase in the disability rating from the Air Force and to change my separation from the U.S. Air Force to retirement." Plaintiff refers to several Bills that have been introduced in the Congress, but have not yet passed.

Finding no merit to any of the objections advanced by the plaintiff, the court agrees with the Magistrate Judge that dismissal is appropriate in this case. After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation proper and incorporated herein by reference. Accordingly, this action is hereby dismissed without prejudice for plaintiff's failure to prove that the defendant was served and for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

January 13, 2010
Columbia, South Carolina